## Sell *v.* Lehigh County, Appellant.

*Public officers — County treasurer — Compensation — Acts of March 16, 1867, P. L. 485, and June 17, 1913, P. L. 507.*

The Act of June 17, 1913, P. L. 507, which declares that certain personal property should thereafter be taxable for county purposes instead of for State purpose, does not increase the compensation of the county treasurer of Lehigh County fixed by the special Act of March 16, 1867, P. L. 485, which provides that: "The treasurer of the County of Lehigh shall be entitled to have and receive (in lieu of the compensation now allowed by law) a stated and fixed salary of $1,000 per annum in addition to the compensation now

564, (1918).] Assignment of Error—Opinion of the Court.
received by him for the collection of money due and for the use of the Commonwealth."

Argued Dec. 4, 1917.　Appeal, No. 122, Oct. T., 1917, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1917, No. 72, for plaintiff, on case stated in suit of D. R. Sell v. Lehigh County.　Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.　Reversed.

Case stated to determine amount of county treasurer's compensation.

Case turned on whether under the Act of March 16, 1867, P. L. 485, special to Lehigh County, fixing the salary of the county treasurer of Lehigh County, the treasurer is entitled to additional compensation on the moneys collected by him under the Act of June 17, 1913, as taxes on personal property and disbursed by him for county purposes.

*Error assigned* was in entering judgment for plaintiff.

*Francis J. Gildner,* County Solicitor, for appellant, cited: Kittanning Borough v. Mast, 15 Pa. Superior Ct. 51; Lehigh County v. Semmel, 124 Pa. 358.

*George M. Lutz,* for appellee, cited: Com. v. Philadelphia County, 157 Pa. 531; Com. v. Philadelphia City, 157 Pa. 550; Philadelphia v. Moore, 208 Pa. 327; Com. v. Mann, 168 Pa. 290.

OPINION BY HEAD, J., July 10, 1918:

The special Act of March 16, 1867, P. L. 485, is still in force in the County of Lehigh.　It provides that from and after January 1, 1868, "The treasurer of the County of Lehigh shall be entitled to have and receive (in lieu of the compensation now allowed by law) a stated and fixed salary of $1,000 per annum in addition to the

compensation now received by him for the collection of
moneys due to and for the use of the Commonwealth."

It appears to us to be clear that the purpose of the pas-
sage of this act was to fix at a definite sum the compensa-
tion which the County of Lehigh should pay to its officer
for the services he would render to the county by virtue
of his office.    At the time that act was passed the Com-
monwealth assessed, for its own use, taxes on certain
kinds of personal property.    It chose to select, as the
channels through which those taxes would flow into the
State treasury, certain county officers and agreed to pay
to them compensation for the services they rendered to
the State.    The fact that the Commonwealth saw fit to
pay to a county treasurer a certain percentage on the
sums received and disbursed by him for the use of the
State in no way changed the liability of the county to
pay him the fixed sum provided for in the statute.    As a
consequence, when the legislature by the Act of June 17,
1913, P. L. 507, declared that certain personal property
should thereafter be taxable for county purposes instead
of for State purposes, such declaration could in no way
increase the salary of the county treasurer of Lehigh
County, although it may have added to the bulk of the
transactions performed by him as such treasurer.

We are of opinion the County of Lehigh is liable to pay
to its treasurer no more than the salary fixed by the Act
of 1867 already referred to.    The judgment is therefore
reversed and the record remitted to the court below with
direction to enter **judgment in favor of the defendant on
the case stated.**